# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

RICK R. RUBY                                                                                                        PLAINTIFF

V.                      CASE NO. 4:10CV00069 WRW/BD

HALL, *et al.*                                                                             DEFENDANTS

## RECOMMENDED DISPOSITION

**I**. **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Partial Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Analysis:

### A. Background

Plaintiff, a pre-trial detainee at the Faulkner County Detention Facility ("FCDF"), filed this action pro se under 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis*. (Docket entries #1 and #2) In his Complaint, Plaintiff alleges that officers at the Faulkner County Detention Facility have failed to reimburse him for commissary items stolen from him by other inmates.

Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983. Accordingly, the Court recommends that Plaintiff's claims be dismissed without prejudice and that his application for leave to proceed *in forma pauperis* (#1) be DENIED as moot.

### B. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915(e). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C.

§ 1983. Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

C.   Personal Property

In his Complaint, Plaintiff claims that other inmates have stolen commissary items from him on at least two occasions. Plaintiff states that he reported this conduct to several officers at the FCDF and that they allegedly informed Plaintiff that he would be reimbursed for the items that were wrongly taken. Plaintiff complains that, at this time, he has not been reimbursed the $20.00 that he is owed. Assuming these allegations to be true, Plaintiff has failed to state a claim in federal court.

A prisoner's claim regarding the loss of personal property does not state a constitutional claim for relief. In *Hudson v. Palmer*, 468 U.S. 517, 536, 104 S.Ct. 3194

(1984), the United States Supreme Court held that when a state actor deprives an individual of personal property, there is no relief available under § 1983 if state law provides adequate post-deprivation remedies. In *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000) (unpublished table decision), the Eighth Circuit Court of Appeals determined that a county prisoner who alleged he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation remedy in state court and, thus, could not seek relief under § 1983. Specifically, the Eighth Circuit noted that one available remedy was a common-law conversion action for the wrongful possession or disposition of another's property. *Butler*, 208 F.3d at *1 (citing *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729, 732 (1998)).

In this case, not only does Plaintiff have an adequate post-deprivation remedy available in state court, but also he has failed to allege that he has been deprived of personal property by a state actor. In his Complaint, Plaintiff has alleged that other inmates deprived him of the property at issue and have failed to reimburse him for the deprivation. Plaintiff does not claim that any state actor was responsible for the injury that he allegedly has suffered. Accordingly, Plaintiff's claims fail for that reason, as well.

III. **Conclusion**:

The Court recommends that Plaintiff's claims be DISMISSED without prejudice to his right to seek redress in an appropriate forum. The Court further recommends that Plaintiff's application to proceed *in forma pauperis* be DENIED as moot and that the

4

Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and would not be taken in good faith

DATED this 5th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE